United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. VARGAS,<br><br>    Petitioner,<br><br>  v.<br><br>K. PROSPER, warden,<br><br>    Respondent.<br>_____ / | No. C 06-6671 SI (pr)<br><br>**ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER** |

## INTRODUCTION

Jose L. Vargas, an inmate at the California Correctional Center in Susanville, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss. For the reasons discussed below, the motion to dismiss will be granted and Vargas will be required to choose what to do about the unexhausted claims in his petition.

## BACKGROUND

Vargas was convicted in Mendocino County Superior Court of first degree burglary, assault with a firearm and making a criminal threat. Firearm enhancements were found true. He was sentenced on May 16, 2004 to a term of 16 years and 8 months in prison.

Vargas appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. Vargas also filed a petition for writ of habeas corpus in the California Supreme Court that was denied.

Vargas then filed this federal action for a writ of habeas corpus. His federal habeas petition contained three claims: (1) Vargas' sentence was improper because he was denied a jury verdict concerning several aggravating factors used to impose the upper term sentence, (2)

Vargas received ineffective assistance of counsel in that counsel did not let him testify and did not call witness Lopez to testify, and (3) Vargas was denied due process when he was not allowed to testify.

Respondent has moved to dismiss on the ground that state court remedies were not exhausted for the second and third claims. Petitioner has filed a traverse in which he agrees that the claims had not been presented to the California Supreme Court. Traverse, p. 2.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).

The court has compared the petition for review and petition for writ of habeas corpus Vargas filed in the California Supreme Court with his federal habeas petition and concludes that he did not present to the California Supreme Court either the claim that he received ineffective assistance of counsel in that counsel did not let him testify and did not call witness Lopez to testify, or the claim that Vargas was denied due process when he was not allowed to testify. State court remedies have not been exhausted for Claim 2 and Claim 3 of the federal petition.

Vargas' petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. at 522.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions

2

under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Vargas the opportunity to elect whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claims before having this court consider all three claims. Accordingly, instead of an outright dismissal of the action, the court will allow Vargas to choose whether he wants to –

 (1) dismiss the unexhausted claims and go forward in this action with only the one exhausted claim, or

 (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

 (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Vargas is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

  In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior

to filing his federal petition." <u>Rhines</u>, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. <u>Id.</u> at 277-78. Any stay must be limited in time to avoid indefinite delay. <u>Id.</u> Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. <u>See</u> <u>id.</u> at 278; <u>Kelly v. Small</u>, 315 F.3d at 1071.

## CONCLUSION

Respondent's motion to dismiss is GRANTED in part. (Docket # 17.) Petitioner must serve and file no later than **June 27, 2008**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claim, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order Granting Motion To Dismiss And Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. He must serve and file the motion for a stay no later than **June 27, 2008**. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the action.

IT IS SO ORDERED.

DATED: May 8, 2008

_____
SUSAN ILLSTON
United States District Judge

4