UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE L. VARGAS,

    Petitioner,

v.

K. PROSPER, Warden,

    Respondent.

No. C 06-6671 SI (pr)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This matter is now before the court for consideration of the merits of Jose Vargas' pro se petition for writ of habeas corpus concerning his conviction in the Mendocino County Superior Court. For the reasons discussed below, the petition will be denied.

## BACKGROUND

Following a jury trial, Vargas was convicted in the Mendocino County Superior Court of first degree burglary, assault with a firearm, and making a criminal threat. Firearm enhancement allegations were found true. On May 14, 2004, the trial court sentenced him to 16 years and 8 months in prison. The particulars of his crime are not relevant to his habeas claim and therefore are not recounted in detail.

Vargas appealed. His conviction was affirmed by the California Court of Appeal. His petition for review was denied by the California Supreme Court.

Vargas then filed this action, seeking a writ of habeas corpus under 28 U.S.C. § 2254. He asserted three claims. Respondent moved to dismiss on the ground that state judicial remedies had not been exhausted for two of the three claims. The court granted the motion to dismiss, and permitted Vargas to choose how to deal with the exhaustion problem. Vargas chose to dismiss the two unexhausted claims. Those claims were then dismissed, and the parties were ordered to brief the one remaining claim. Respondent filed an answer. Petitioner did not file a traverse, and the deadline by which to do so passed long ago.[1] The petition's lone remaining claim is that his sentence violated the Apprendi rule. That claim is now ready for consideration on the merits.

**JURISDICTION AND VENUE**

This court has subject matter jurisdiction over the petition for writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged conviction occurred in Mendocino County, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

**EXHAUSTION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

---

[1] Vargas filed a "traverse" (docket # 18) in response to respondent's motion to dismiss, but that document had no argument about the merits of his claim. He also filed a "motion requesting a ruling on petitioner's motion to amend and withdraw unexhausted state claims" on September 21, 2009. The court does not understand Vargas to be waiting for a ruling on that motion before filing his traverse. Although the motion's title suggested that Vargas did not know what the ruling was, that is not correct. At the time he filed the motion, Vargas knew of the court's order granting the motion to dismiss and requiring an election by petitioner (docket # 19), the court's order dismissing the unexhausted claims and setting a briefing schedule (docket # 21), and respondent's answer (docket # 22). That he knew of those documents in hand was shown by the fact that he submitted them as attachments to his motion filed on September 21, 2009. His motion for a ruling is DENIED because the court already ruled on the motion to amend and withdraw unexhausted state claims. (Docket # 24.) To the extent he wanted a ruling on his remaining claim, this order provides that ruling.

highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). State judicial remedies have been exhausted for the one claim remaining in this action.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

3

## DISCUSSION

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968). Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 (2000). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). In Cunningham v. California, 549 U.S. 270 (2007), the Court held that California's determinate sentencing law ("DSL") – which used a sentencing triad of lower/middle/upper terms – violated the Sixth Amendment because it allowed the sentencing court to impose an upper term sentence based on aggravating facts that it found to exist by a preponderance of the evidence. See id. at 288-89. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that California's DSL violated the rule set out in Apprendi. Id. at 288-89, 293.

Vargas contends that his sentence violated the rule from Apprendi in that an upper term sentence was imposed based on facts not found true by the jury.

> The trial court imposed sentence in this case together with a prior case for which appellant's probation had been revoked. The court sentenced appellant to an upper term of six years on the burglary charge and an upper term of 10 years on the personal use of a firearm enhancement. In addition, the court imposed a consecutive sentence of eight months–reflecting one-third of the midterm–for appellant's prior offense. Midterm sentences on the remaining charges and enhancements found true by the jury were ordered stayed pursuant to section 654.

4

> In explaining its choice of upper term sentences, the court noted the following factors in aggravation: Appellant committed multiple offenses while armed with a firearm; the victim was in his home, unarmed and vulnerable; appellant was an active participant and occupied a position of leadership; the crime was carried out with some sophistication; and appellant had a prior criminal record, including being on probation at the time he committed this offense. In addition, appellant's prior convictions were of increasing seriousness, both the prior case, for which he had been on probation, and the current case involved acts of violence, and the prior offense involved gang-related activity, indicating appellant may be considered 'somewhat of a danger to society.'

Cal. Ct. App. Opinion, pp. 2-3.

The California Court of Appeal rejected Vargas' Apprendi claim, relying on a case that later was vacated in connection with the Cunningham decision, i.e., People v. Black, 35 Cal. 4th 1238 (Cal. 2005) ("Black I"), vacated and remanded, Black v. California, 549 U.S. 1190 (2007), on remand, People v. Black, 41 Cal. 4th 799 (Cal. 2007) ("Black II"). Here, the California Court of Appeal found no Apprendi error and therefore did not reach the next step of considering whether any error would have been harmless. The approach taken in Black I (and followed in Vargas' case) of treating the upper term sentence as the maximum sentence for Apprendi purposes was later rejected in Cunningham, which held that the maximum sentence for Apprendi purposes was the middle term in the California sentencing triad.

The California Court of Appeal's rejection of Vargas' case was contrary to Cunningham and Blakely because it considered the upper term rather than the middle term to be the maximum sentence the court could impose without additional facts being found by a jury on proof beyond a reasonable doubt. See generally Frantz v. Hazey, 533 F.3d 724, 734 (9th Cir. 2008) (en banc) (state court's "mistakes in reasoning or in predicate decisions" such as using the wrong legal rule or framework "constitute error under the 'contrary to' prong of § 2254(d)(1)"). Even though the California Court of Appeal reached a different conclusion on an issue of law than the U.S. Supreme Court, that means only that this court does not defer to the state appellate court's decision under 28 U.S.C. § 2254(d). See Frantz, 533 F.3d at 735. There still must be a violation of the petitioner's constitutional rights for habeas relief to be granted. See id.

An Apprendi error is subject to harmless error analysis. See Washington v. Recuenco, 548 U.S. 212 (2006); Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008), cert. denied, 129 S. Ct.

767 (2008). <u>Butler</u> instructs that the harmless error inquiry for an <u>Apprendi</u> violation is "whether 'the error had a substantial and injurious effect on [the petitioner's] sentence." <u>Butler</u>, 528 F.3d at 648 (citing <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993)). Relief must be granted if the court is in "'grave doubt' as to whether a jury would have found the aggravating factors beyond a reasonable doubt." <u>Id.</u> (quoting <u>O'Neal v. McAninch</u>, 513 U.S. 432, 436 (1995)). In doing the harmless error review, this court may consider evidence presented at sentencing, but not admissions made there. <u>Id.</u> Significantly, this court need not consider all the reasons and weigh them or review the state court's weighing of them because, under California law, only a single aggravating factor needs to be found to authorize the upper term. See <u>Butler</u>, 528 F.3d at 642-43. If a single aggravating factor is properly found, the trial court legally may impose the upper term sentence. "That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration only concerns the imposition of a sentence within an authorized statutory range." <u>Id.</u> at 649.

Here, the <u>Apprendi</u> error was harmless because undisputed evidence of Vargas' criminal history showed that two aggravating circumstances that permitted the upper term were present.

The aggravating circumstances that will permit an upper term sentence in California include the following two defendant-specific items: [2] (1) "[t]he defendant was on probation or parole when the crime was committed," Cal. R. Ct. 4.421(b)(4), and (2) "[t]he defendant's prior performance on probation or parole was unsatisfactory," Cal. R. Ct. 4.421(b)(5).

Both of these aggravating circumstances that permitted the upper term were present in Vargas' case. The parties had noted at several hearings that the violation of probation matter

---

[2] In addition to the two circumstances discussed in the text, respondent contends that this case had the circumstance that "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." Cal. R. Ct. 4.421(b)(2). Vargas had been convicted of felony accessory to possession of a weapon on July 30, 2001, misdemeanor alcohol-related reckless driving on February 11, 2003, and driving on a suspended license on December 1, 2003. It is at least debatable whether three convictions should be considered "numerous" and it is at least debatable whether a felony followed by two misdemeanor convictions should be considered convictions "of increasing seriousness." Therefore, this court does not rely on the Rule 4.421(b)(2) circumstance to reach its conclusion.

would be considered concurrent with trial on the charges. After the jury's guilty verdicts were read, the court found that "based on the findings of the jury, he is in violation of his probation." RT 203.   At sentencing, the court found as a factor in aggravation that Vargas "was on three separate grants of probation when this particular offense occurred. Defendant has violated his probation grants on numerous occasions indicating unsatisfactory performance." Resp. Exh. 2 (Vol. 6) 5/14/04 RT 8.  The court made these findings after considering the probation officer's report. See id. at 3, 6, 7-8; CT 237-239 (sections of probation officer's report describing Vargas' probation performance and status).  The record shows that Vargas was on probation at the time of the current crime, and that his prior performance on probation was unsatisfactory in that probation was violated and revoked several times. Neither Vargas nor his defense counsel ever objected to the assertion that he had violated probation by committing the current offense, or that he was on probation at the time of the current offense, or that his probation had been revoked on several previous occasions. Vargas' counsel did object to part of the probation officer's report at his sentencing, but the part objected to was not the part that described the probation violations. See CT 235-247.  The probation officer's report stated that attached to it was Vargas' "CDC packet" and statement, CT 247, but those are not attached to the report in the clerk's transcript. Other documents described in the next three paragraphs were in the appellate and habeas record but may or may not have been before the trial judge provide the details of Vargas' criminal history and probationary status.

In Case No. 01-41570, Vargas pled no contest on June 22, 2001 to a felony count of being an accessory to possession of a dangerous weapon, see Cal. Penal Code §§ 32, 12020(a). Resp. Exh. 2 (Vol. 7) 6/22/01 RT 5, 13.  The court found that the crime was gang-related and that Vargas was a member of a gang, and he was required to register under California Penal Code § 186.30 as a gang member as a condition of probation.  Resp. Exh. 2 (Vol. 7) 7/30/01 RT 39. Vargas also was sentenced to 36 months of probation and 185 days in jail with credit for 185 days served.  Id at 43-44.

Less than two years later, Vargas was charged with violating probation by committing

7

another crime referred to as "the new DUI case." See Resp. Exh. 2 (Vol. 7), 1/31/03 RT 50. Vargas admitted that he violated probation in Case No. 01-41570 and waived his rights to a jury trial in the new matter, Case No. 02-52597. See Resp. Exh. 2 (Vol. 7), 2/11/03 RT 53. In the probation matter, his sentence was reinstated with a modification that he spend 60 days in jail. 2/11/03 RT 55. In the new criminal case, he pled guilty to "reckless driving with alcohol related under the provisions of section 23103.5 of the Vehicle Code" and received a sentence that included 36 months of probation. 2/11/03 RT 55.

Later in 2003, Vargas was charged with two additional misdemeanors in Case No. 03-56793, i.e., driving on a suspended license and presenting a false identification to a police officer. Resp. Exh. 2 (Vol. 8) 10/27/03 RT 10. The judge noted that at the time Vargas was on misdemeanor probation in Case No. 02-52597 and felony probation in Case No. 01-41570. Id. Vargas waived his rights and entered a plea of guilty to driving while knowing his license was suspended, see Cal. Veh. Code § 14601.5. Resp. Exh. 2 (Vol. 8) 12/1/03 RT 16-17. The court found him in violation of probation on Case No. 01-41570 and Case No. 02-52597. Id. at 17. The court revoked probation in Case No. 01-41570, then reinstated probation with a modified term of 90 days in county jail. Id. at 17-18. The court also revoked probation in Case No. 02-52597, then imposed a sentence of 30 days in jail concurrent with the 90 days on the probation revocation. Id. at 18-19. On the new offense of driving with a suspended license, the court imposed a term of 30 days in jail concurrent with the 90 days on the probation revocation, plus 24 months of probation. Id. at 18. When Vargas was arrested on the current burglary and assault offenses, he was charged with violating probation. See Resp. Exh. 2 (Vol. 8), 1/9/04 RT 21-22. It appears that eventually it was decided that the violation of probation hearing would be concurrent with the trial. See Resp. Exh. 2 (Vol. 8), 3/12/04 RT 28. As noted above, the jury verdict in the present case was followed by a finding that he was in violation of his probation. See RT 203.

To summarize: there was an Apprendi error because the judge selected the upper term based on facts not found by the jury beyond a reasonable doubt. However, that error was

8

harmless because there was uncontroverted and overwhelming evidence that Vargas had been placed on probation three times and violated probation three times – each time by committing one or more new crimes – and that he was on probation at the time the current crime was committed.  This evidence showed that the aggravating circumstances in California Rule of Court 4.421(b)(4) and 4.421(b)(5) were present and made Vargas eligible for the upper term sentence he received.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED. The motion requesting a ruling on petitioner's motion to amend and withdraw unexhausted state claims is DENIED.  (Docket # 24.)  The clerk shall close the file.

IT IS SO ORDERED.

DATED: October 16, 2009

SUSAN ILLSTON
United States District Judge