UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE L. VARGAS,

    Petitioner,

    v.

K. PROSPER, warden,

    Respondent.

                              /

No. C 06-6671 SI (pr)

**ORDER DENYING REQUEST TO EXTEND OR REOPEN TIME TO APPEAL**

The court issued an order denying petition for writ of habeas corpus and entered judgment on October 16, 2009. The clerk mailed a copy of the order and judgment to petitioner on October 21, 2009.

Petitioner sent to the court a letter dated July 8, 2010, in which he informed the court of his change of address. In that letter, he stated that, during the last nine months, he was unable to attend the law library at High Desert State Prison because that prison was on lockdown. He further stated that he intended to file a notice of appeal in the coming week, and that he learned from another inmate that he "should have filed said appeal at the end of last year." Letter filed July 13, 2010. (Docket # 27.)

The court construes the letter to be a request for an extension of time to file a notice of appeal or, alternatively, to reopen the time to file a notice of appeal. The request is DENIED because it is simply too late.

Normally, an appeal must be taking within 30 days after the entry of judgment. Federal Rule of Appellate Procedure 4(a) is the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal. See In re Stein, 197 F.3d 421, 426-27 (9th Cir. 2000).

Rule 4(a) is enforced without distinction between counseled and uncounseled cases. See Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting pro se prisoner's motion filed more than 180 days after entry of judgment). Rule 4(a)(5) allows for an extension of time to appeal if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5). Petitioner cannot obtain an extension under Rule 4(a)(5) because his motion was not filed until approximately 260 days after the entry of judgment. Rule 4(a)(6) allows the district court to reopen the time to file an appeal for a period of 14 days, but only if three conditions are satisfied – one of which is that the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier. Petitioner cannot have the time to file an appeal reopened because his motion was not filed until about 260 days after the entry of judgment. Petitioner is not entitled to relief under the rule that is the exclusive means for relief from the expiration of the time to file a notice of appeal. For the foregoing reasons, the request is DENIED. (Docket # 27.)

IT IS SO ORDERED.

DATED: July 15, 2010

                                               SUSAN ILLSTON
                                       United States District Judge